UNITED STATES ex rel. HUIDEKOPER v. HADLEY et al.

(Circuit Court, E. D. Missouri, N. D. June 22, 1909.)

No. 493.

COURTS (§ 303*)—JURISDICTION OF FEDERAL COURTS—SUIT AGAINST STATE.

The state board of equalization, created by Const. Mo. art. 10, § 18 (Ann. St. 1906, p. 293), and required to "adjust and equalize the valuation of real and personal property among the several counties in the state," is a tribunal charged, with duties as an agency of the state, in the performance of which judgment must be exercised by its members, and a suit against them to compel them to raise the valuation of the property in a county is one against the state, within the meaning of the eleventh constitutional amendment, of which a federal court is without jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 844½; Dec. Dig. § 303.*

Federal jurisdiction of suits against state, see note to Tindall v. Wesley, 13 C. C. A. 165.]

On Plea to Jurisdiction.

Tatlow & Mitchell, for relator.

Elliott W. Major, Atty. Gen. of Missouri, John M. Atkinson, Asst. Atty. Gen., for respondents.

DYER, District Judge. On the 14th of April last there was filed in this court by the relator herein a petition for a writ of mandamus to be directed to and against the state board of equalization and the county board of equalization for the county of Macon to have the valuation of the real and personal property of Macon county increased above the present assessment as made by the county assessor, equalized by the state board of equalization, and finally passed upon and equalized

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the county board. The state board of equalization is composed of the Governor, State Auditor, State Treasurer, Secretary of State, and the Attorney General. The county board is composed of the judges of the county court, county surveyor, county assessor, county collector, and the clerk of the county court. The relator is a judgment creditor of the county of Macon for a large sum, and in his petition for the writ of mandamus claims, among other things, that he has heretofore been and still is prevented from realizing on his judgments against the county, for the reason that respondents have wrongfully failed, neglected, and refused to assess the property of Macon county at its true value in money, in violation of the laws of the state, and that this refusal, neglect, and failure was the result of a conspiracy entered into by the respondents to assess the property far below its true value in money, so that the relator could not realize upon his judgments against the county, etc. The petition makes various other allegations of misconduct upon the part of the respondents, not necessary in the opinion of the court to be here particularly stated.

To the petition here under consideration the respondents, on the 27th of May last, at and during the regular term of this court, filed a plea in words and figures following:

### "Plea to Jurisdiction.

"Now come Herbert S. Hadley, James Cowgill, Eliott W. Major, John P. Gordon, and Corneliss P. Roach, constituting the state board of equalization, and appearing for the purpose of this plea, and for no other purpose whatever, and reserving to themselves all rights and privileges to defend as they may be hereafter advised, say that the relator cannot and ought not to have and maintain this action, for it appears that this honorable Court has not and cannot have jurisdiction of the subject-matter of this action, and of the person of these respondents as herein sued; and so these respondents say that they ought not to be required to further appear and defend this action, but the same ought abate and cease."

This plea raises the only question for present consideration. The plea necessarily admits all of the allegations of the bill, and, this being true, the sole question is: Has this court jurisdiction to issue the writ and compel compliance therewith? This requires a brief consideration of the laws of the state touching the assessment of property for the purpose of taxation and the collection and disbursement of the revenues derived therefrom.

Article 10, § 18, of the state Constitution (Ann. St. 1906, p. 293), is as follows:

Article 10. § 18: "There shall be a state board of equalization consisting of the Governor. State Auditor, State Treasurer, Secretary of State and Attorney General. The duty of said board shall be to adjust and equalize the valuation of real and personal property among the several counties in the state, and it shall perform such other duties as are or may be prescribed by law."

This provision of the Constitution imposes upon the state board of equalization the duty "to adjust and equalize the valuation of real and personal property among the several counties in the state."

Sections 9126, 9127, 9129, and 9130, of the Revised Statutes of Missouri of 1899 (Ann. St. 1906, pp. 4204, 4205), are as follows:

"Sec. 9126. The board shall meet at the Capitol in the city of Jefferson on the last Wednesday in February, 1894, and every year thereafter, a majority

of whom shall constitute a quorum, and the members thereof shall each take an oath or affirmation that he will, to the best of his knowledge and ability, equalize the valuation of real and personal property among the several counties in this state, according to the rules prescribed by this chapter for equalizing and valuing real property; and the secretary of the board shall keep an accurate account of all their proceedings and orders, and file the same, together with all of their papers, in the office of the State Auditor.

"Sec. 9127. The State Auditor shall lay before the board of equalization the abstracts of all taxable property in the state and the abstracts of the sales of real estate in such counties as returned to him by the respective county clerks and the president of the board of assessors of the city of St. Louis, and the board shall classify all real estate situate in cities, towns and villages as town lots, and all other real estate as farming lands, and shall classify all personal property as follows: First, banking corporations; second, railroad corporations; third, street railway corporations; fourth, all other corporations; fifth, bonds, notes, and evidences of indebtedness; sixth, horses, mares and geldings; seventh, mules; eighth, asses and jennets; ninth, neat cattle; tenth, sheep; eleventh, swine; twelfth, farm implements and all other personal property. And the board shall proceed to equalize the value of each class thereof among the respective counties of the state in the following manner:

"First. It shall add to the valuation of each class of the property, real or personal, of each county which it believes to be valued below its real value in money such per centum as will increase the same in each case to its true value.

Second. It shall deduct from the valuation of each class of property, real or personal, of each county which it believes to be valued above its real value in money such per centum as will reduce the same in each case to its true value."

"Sec. 9129. When the state board of equalization shall have completed its labors, the State Auditor shall immediately transmit to each county clerk the per centum added to or deducted from the valuation of the property of his county, specifying the percentage added or deducted from the real property and the personal property respectively, and also the value of the real and personal property of his county as equalized by said board; and said clerk shall furnish one copy thereof to the assessor, and one copy to be laid before the annual county board of equalization. And it shall be the duty of the State Auditor to require of clerks of the several county courts of this state to keep up the aggregate valuation of real and personal property in their respective counties, for those years in which no state board of equalization is held, to the aggregate amount fixed by the last state board of equalization.

"Sec. 9130. There shall be in each county in this state, except the city of St. Louis, a county board of equalization, which board shall consist of the county clerk, who shall be secretary of the same, but have no vote, the county surveyor, the judges of the county court, and the county assessor, which board shall meet at the office of the county clerk on the first Monday in April of each year. * * *"

Full, able, and exhaustive briefs (indicating great research) have been presented by counsel for relator and counsel for respondents. It is claimed by relator's counsel that this is not a suit against the state, within the meaning of the eleventh amendment to the federal Constitution, and that the officers against whom the petition is leveled are mere creatures of the law, and the duties imposed upon them merely ministerial. Herein lies the real question to be determined by the court. If the proceeding is one against the state, then counsel for relator concedes that the action will not lie. It is also conceded by counsel for relator (if I understand them correctly) that, if the state board of equalization has discretion to increase or diminish the rate of taxation, then the board acts as (at least) a quasi judicial body, and

its action cannot in the present proceeding be reviewed for the purpose of determining whether or not the assessment is too low.

Various authorities are cited by counsel in support of and against the proposition as they respectively contend. It is hardly necessary for this court to review at length these several authorities, and I shall only refer to one or two decisions of the Supreme Court of the United States which seem to support the views entertained by this court:

"The state board of equalization is one of the instrumentalities provided by the state for the purpose of raising the public revenue by way of taxation. * * * Acting under the Constitution and laws of the state, the board therefore represents the state, and its action is the action of the state." Raymond v. Chicago Traction Co., 207 U. S. 35, 36, 28 Sup. Ct. 7, 52 L. Ed. 78.

In the case of Pennoyer v. McConnaughy, 140 U. S. 9, 10, 11, 11 Sup. Ct. 699, 701, 35 L. Ed. 363, the court says:

"The question, then, of jurisdiction, is first presented for determination. Is this suit, in legal effect, one against a state, within the meaning of the eleventh amendment to the Constitution? A very large number of cases involving a variety of questions arising under this amendment have been before this court for adjudication; and, as might naturally be expected, in view of the important interests and the wide-reaching political relations involved, the dissenting opinions have been numerous. Still the general principles enunciated by these adjudications will, upon a review of the whole, be found to be such as the majority of the court and the dissentients are substantially agreed upon. It is well settled that no action can be maintained in any federal court by the citizens of one of the states against a state, without its consent, even though the sole object of such suit be to bring the state within the operation of the constitutional provision which provides that 'no state shall pass any law impairing the obligation of contracts.' This immunity of a state from suit is absolute and unqualified, and the constitutional provision securing it is not to be so construed as to place the state within the reach of the process of the court. Accordingly it is equally well settled that a suit against the officers of a state, to compel them to do the acts which constitute a performance by it of its contracts, is, in effect, a suit against the state itself."

The provision of the state Constitution before quoted creates the board of equalization, and it is charged to "adjust and equalize the valuation of real and personal property among the several counties in the state." The word "adjust" is defined as follows:

"To settle or bring to a satisfactory state, so that parties are agreed in the result; as to adjust accounts; the differences are adjusted."

To "equalize" means:

"To make equal, to cause to correspond, or be like, in amount or degree as compared; as to equalize accounts, burdens, or taxes."

The state board of equalization is in the opinion of the court a tribunal created by the Constitution and charged with certain duties, in the performance of which judgment must be exercised by its members. The board to all intents and purposes acts for the state in fixing the values upon property subject to taxation and is in every sense of the word, so far as this proceeding is concerned, the state itself. If the present board has valued the property of Macon county below its real value, this court is without authority to correct the error or to compel a true valuation.

It follows that the plea to the jurisdiction of the court must be sustained, and the relator's petition dismissed. It is so ordered.